**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SCOTT BRANCHEAU; MARION
LOVERDE; CHARLES LOVERDE; and
DEBORAH FROGAMENI,

          **Plaintiffs,**

-vs-                                                                Case No.  6:11-cv-1416-Orl-31DAB

SECRETARY OF LABOR; ASSISTANT
SECRETARY OF LABOR;
OCCUPATIONAL HEALTH AND
SAFETY ADMINISTRATION; and
UNITED STATES DEPARTMENT OF
LABOR,

          **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Preliminary Injunction (Doc. 3) filed by the Plaintiffs and the response (Doc. 11) filed by the Defendants.

**I.   Background**

The instant case arises out of the February 2010 death at Sea World of animal trainer Dawn Brancheau ("Brancheau"). As set forth in the Complaint (Doc. 1), Defendant OSHA has investigated the circumstances surrounding Brancheau's death. In the course of that investigation, OSHA obtained video recordings and photographs depicting such things as Brancheau's death and the efforts to rescue her and recover her body. The Plaintiffs refer to these recordings and photographs as the "Death Scene Materials". The Plaintiffs are members of Brancheau's family – specifically, her husband, mother, brother and sister. They seek to enjoin OSHA from releasing

the so-called Death Scene Materials, asserting claims under the Freedom of Information Act ("FOIA") (Counts I and II), the Privacy Act (Count III), and the Declaratory Judgment Act (Count IV).

In the Complaint, the Plaintiffs expressed concern that the Death Scene Materials might be made public at an OSHA hearing scheduled for September 19, 2011. By way of the instant motion, the Plaintiffs seek (1) to enjoin the Defendants from "publically disclosing the Death Scene Materials for any reason"; (2) to close to the public any portions of the OSHA hearing during which the Death Scene Materials are displayed; and (3) to compel the Defendants to notify them of "any future pertinent FOIA requests". (Doc. 3 at 25).

The Complaint and the instant motion were filed on August 24, 2011. On September 15, 2011, the Defendants notified the Court that OSHA had just received three FOIA requests for various audio and video recordings and photographs. (Doc. 17 at 1). Although not denominated as such, the requested material appears to include the Death Scene Materials. The Defendants assert that the FOIA requests "will be processed by OSHA" in accordance with the pertinent governmental regulations governing FOIA disclosures. (Doc. 17 at 2).

**II.     Legal Standard**

The decision regarding whether to grant a preliminary injunction lies within the sound discretion of the court. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). A district court may grant injunctive relief if the movant demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public

interest. *Id.* In this Circuit, a preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *Id.*

### III.    Analysis

The legal basis for the Plaintiffs' request is murky, to put it mildly. At various points in the instant motion and in their Complaint, the Plaintiffs cite to three federal statutes that, they appear to contend, give them the right to demand the injunctive relief they seek: FOIA, 5 U.S.C. § 552; the Administrative Procedures Act (the "APA"), 5 U.S.C. § 551 *et seq.*, and the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act").

But the Freedom of Information Act does not provide a right of action to enjoin disclosure. *Chrysler Corp. v. Brown*, 441 U.S. 281, 294, 99 S.Ct. 1705, 1713, 60 L.Ed2d 208 (1979). The Plaintiffs argue that the majority opinion in *Brown* "found that pre-disclosure judicial review is available under the APA." (Doc. 16 at 4). However, the passage cited by the Plaintiffs in support of this statement dealt with agency disclosures that might run afoul of the Trade Secrets Act, 18 U.S.C. § 1905, not FOIA. Obviously, the Trade Secrets Act is not at issue in this case.

Moreover, the APA only provides for judicial review of agency action, giving the court the power to "hold unlawful and set aside agency action, findings, and conclusions found to be ... not in accordance with law." 5 U.S.C. § 706(2); *see also* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). In *Brown*, the government agency had already made a decision to release the documents at issue, prompting Chrysler to sue to block the disclosure. *Id.* at 287, 99 S.Ct. at 1710. Thus, even though the disclosure had not yet occurred, there was final

agency action that could be challenged under the APA.  Here, so far as the record shows, no Defendant has decided whether to release the Death Scene Materials.  The only requests that could result in such a decision were filed within the past two days.  In the absence of final agency action, this Court lacks subject matter jurisdiction to review a decision under the APA.  *See, e.g.*, *Nat'l Parks Conservation Ass'n v. Norton,* 324 F.3d 1229, 1236 (11th Cir.2003).

As for the Privacy Act, it does include a private right of action, enabling citizens to sue when Privacy Act violations occur.  But it protects only "records" from disclosure.  5 U.S.C. § 552a(b).  The Privacy Act defines "record" as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph."  5 U.S.C. § 552a(a)(4).  Given the nature of the Death Scene Materials, it appears highly unlikely that they would qualify as "records" under this definition.  The Plaintiffs have certainly not explained how recordings and photographs might fall within the bounds of 5 U.S.C. § 552a(a)(4).

The Defendants assert that a different provision of the Privacy Act – Section 552a(e)(8) – requires the Defendants to notify them of future FOIA requests for the Death Scene Materials.  (Doc. 3 at 7).  However, that provision only requires an agency to "make reasonable efforts to serve notice on an individual when *any record* on such individual is *made available* to any person under compulsory legal process when such process becomes a matter of public record."  5 U.S.C. § 552a(e)(8) (emphasis added).  As noted, the Death Scene Materials do not appear to qualify as

"records," and the Defendants have not made them available to any person.  Section 552a(e)(8) of the Privacy Act is therefore not applicable here.

None of the statutes purportedly relied upon by the Plaintiffs can provide them with the relief they seek.  Accordingly, the Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits, and their request for a preliminary injunction must fail.  In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Preliminary Injunction (Doc. 3) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 15, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party