**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SCOTT BRANCHEAU; MARION
LOVERDE; CHARLES LOVERDE; and
DEBORAH FROGAMENI,

                **Plaintiffs,**

-vs-                                                    Case No. 6:11-cv-1416-Orl-31DAB

SECRETARY OF LABOR; ASSISTANT
SECRETARY OF LABOR;
OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION; and
UNITED STATES DEPARTMENT OF
LABOR,

                **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Intervene (Doc. 19) filed by Sea World Parks & Entertainment, LLC ("Sea World Entertainment"). No responses have been filed, and the deadline for doing so has passed.

**I.    Background**

The instant case arises out of the February 2010 death at a Sea World theme park in Orlando of animal trainer Dawn Brancheau ("Brancheau"). As set forth in the Amended Complaint (Doc. 23), Defendant OSHA has investigated the circumstances surrounding Brancheau's death. In the course of that investigation, OSHA obtained a video recording depicting such things as Brancheau's death and the efforts to rescue her and recover her body. The Plaintiffs, who are members of Brancheau's family, seek to prevent OSHA from releasing these

materials, primarily on the basis of privacy concerns. According to its motion, Sea World Entertainment owns the video. It seeks to intervene as a plaintiff to protect its intellectual property rights by, *inter alia*, enjoining OSHA from publicly disclosing the video for any reason. (Doc. 19-1). The current Plaintiffs have consented to intervention by Sea World Entertainment. (Doc. 19 at 12).

## II.   Legal Standard

Intervention in the federal courts is governed by Rule 24 of the Federal Rules of Civil Procedure, which provides in pertinent part that

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> (2) By a Government Officer or Agency. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
> (A) a statute or executive order administered by the officer or agency; or
>
> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

>(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
>(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) its application to intervene is timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).  A party seeking to intervene under Rule 24(b)(2) must show that: (1) its application to intervene is timely; and (2) its claim or defense and the main action have a question of law or fact in common.  *Id.*  The district court has the discretion to deny permissive intervention even if both of those requirements are met.  *Id.*

### III.    Analysis

Sea World Entertainment first seeks to intervene as of right.  The instant case was filed only a few weeks prior to the filing of the request to intervene.  The Court therefore finds that the application is timely.  As owner of the video at issue, Sea World obviously has an interest in the subject of the action in the form of intellectual property rights, an interest not shared by the existing plaintiffs.  However, it does not appear that disposition of this action may impede or impair the ability of Sea World Entertainment to protect its interest in the video.

As things now stand, OSHA is not seeking to release the video. The only issue to be decided is whether the Plaintiffs' rights under the Freedom of Information Act and the Administrative Procedures Act are sufficient to bar OSHA from ever releasing the video. If the Plaintiffs were to prevail against OSHA in this case, Sea World Entertainment's intellectual property right in the video would be protected. But if OSHA were to prevail, its victory would not result in the release of the video. Sea World Entertainment would retain whatever intellectual property rights it now possesses in the video, along with the ability to assert those rights in an effort to prohibit its release. Accordingly, Sea World Entertainment may not intervene in this case as of right under Rule 24(a)(2).

Turning to Rule 24(b)(2), the Court finds that the requirements have been satisfied for permissive intervention. As noted above, the application to intervene is timely. And Sea World Entertainment's claim of intellectual property rights in the video shares numerous questions of law and fact with the current Plaintiffs' assertion of privacy rights in the video. Although the Court possesses the discretion to deny intervention by Sea World Entertainment, it sees no reason to do so. Accordingly, it is hereby

**ORDERED** that the Motion to Intervene (Doc. 19) is **GRANTED**, and Sea World Parks & Entertainment, LLC may intervene in the instant action. Sea World Parks & Entertainment, LLC shall file its intervenor's complaint on or before November 4, 2011.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 25, 2011.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party