# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SCOTT BRANCHEAU; MARION
LOVERDE; CHARLES LOVERDE; and
DEBORAH FROGAMENI,

        **Plaintiffs,**

SEAWORLD PARKS & ENTERTAINMENT, LLC,

        **Intervenor Plaintiff,**

-vs-                                      **Case No.  6:11-cv-1416-Orl-31DAB**

SECRETARY OF LABOR; ASSISTANT
SECRETARY OF LABOR;
OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION; and
UNITED STATES DEPARTMENT OF
LABOR,

        **Defendants,**

_____

# ORDER

      This matter comes before the Court without a hearing on the Motion for Summary

Judgment and Motion to Dismiss (Doc. 27) filed by the Defendants, the response in opposition

(Doc. 38) filed by the Plaintiffs, and the Defendants' reply (Doc. 42).

## I.      Background

      This case arises out of the February 2010 death at Sea World of animal trainer Dawn

Brancheau ("Brancheau") as the result of an attack by a killer whale during a performance.

Brancheau's death and the circumstances surrounding it were investigated by a number of entities,

including OSHA and the Orange County Sheriff's Office.  During its investigation, OSHA

obtained from the Sheriff's Office a copy of an underwater video (henceforth, the "Performance

Video"), which was shot by Intervenor Sea World Parks & Entertainment, LLC during the

performance.  According to written summaries reviewed by the Court, the pertinent seven-minute-

long portion of the Performance Video shows glimpses of Brancheau and the killer whale during

the attack.  In early 2011, OSHA released copies of its accident investigation file.  Included in the

file was an unredacted, one-paragraph writen summary of the Performance Video.

The Plaintiffs are members of Brancheau's family.  They seek to prevent OSHA from

releasing the Performance Video.  The Plaintiffs also seek to block the release of similar items,

such as photographs depicting the attack or the efforts to rescue Brancheau and to recover her

body.  The Plaintiffs refer to the videotape and similar items as "Death Scene Materials".

However, OSHA contends that the Performance Video is the only item in its possession that would

fall into this category.  Accordingly, for simplicity's sake, throughout this order the Court refers

only to the Performance Video.[1]

Originally, the Plaintiffs attempted to block the release of the Performance Video under the

provisions of the Freedom of Information Act ("FOIA"), the Privacy Act, and the Declaratory

Judgment Act.  However, on October 11, 2011, the Plaintiffs filed an amended complaint (Doc.

---

[1]The Plaintiffs argue that two FOIA exemptions apply to the Performance Videotape: 5 U.S.C. § 552(b)(6) and (b)(7)(C).  The former provides that FOIA does not apply to "personnel and medical files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The latter provides that FOIA does not apply to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy."  Without deciding the issue, for purposes of the instant motion , the Court assumes that both exemptions would apply to the Performance Videotape.

23) in which they characterize this action as a "reverse" FOIA suit, brought pursuant to the provisions of the Administrative Procedure Act ("APA").

## II.    Legal Standards

### A.    Summary Judgment

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the

non-movant's factual characterizations and legal arguments.  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

### B.      The Administrative Procedures Act

The APA provides this Court with jurisdiction to review "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  "The reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or found to be] without observance of procedure required by law." 5 U.S.C. § 706(2).  This standard is "exceedingly deferential." *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir.1996).  The court's role is to ensure that the agency came to a rational conclusion, "not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Preserve Endangered Areas of Cobb's History, Inc. (" PEACH") v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir.1996).

The APA defines "agency action" as including "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act". 5 U.S.C. § 551(13). In addition, the APA requires that to achieve standing to obtain judicial review of agency action, a party must be "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702.

### III.   Analysis

The Plaintiffs seek to challenge the following (purported) agency actions:

(1)     Defendants' intention to release the OSHA written summary to anyone making a FOIA request for the Performance Video;

(2)     Defendants' refusal to provide notice to the Plaintiffs whenever someone makes a future FOIA request for the Performance Video;

(3)     Defendants' denial of the Plaintiffs' request to block any possible release of the video; and

(4)     Defendants' refusal to declare the Performance Video as exempt from disclosure under FOIA.

As the Court noted in its order denying the Plaintiffs' motion for preliminary injunction (Doc. 18), FOIA is a disclosure statute and does not provide a right of action to *enjoin* disclosure. *Chrysler Corp. v. Brown*, 441 U.S. 281, 294, 99 S.Ct. 1705, 1713, 60 L.Ed2d 208 (1979).  A plaintiff seeking to prevent disclosure under FOIA has no remedy until the agency determines that it will release the requested information.  *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004).  OSHA has not determined that it will release the Performance Video.[2]  As such, the Plaintiffs' third and fourth items cannot be challenged by way of a reverse FOIA suit.

The same prohibition likely also applies to the Defendants' refusal to provide notice of requests for the Performance Video.  Such a refusal does not, itself, result in the release of any information.  But regardless of whether that bar applies or not, it is clear that FOIA does not require OSHA to provide notice of requests for information such as the videotape at issue here. Where the requested information is determined to contain "confidential commercial information," the agency is required to notify the submitter of that information prior to its release pursuant to a FOIA request.  Exec. Order No. 12,600, 52 Fed.Reg. 23781 (June 23, 1987).  This obligation

---

[2]It appears from the record that during the pendency of this action, several third parties have requested the release of the Performance Video, and OSHA has turned down the requests.

-5-

would not apply to the Performance Videotape, which is not alleged to contain confidential

commercial information and was not submitted to OSHA by the Plaintiffs.  No party has suggested

language in any other statute, regulation or order that would require OSHA to notify the Plaintiffs

when a request for the Performance Video is made.  The Plaintiffs have no standing under the

APA to challenge OSHA's refusal to provide notice that the law does not require it to provide, as

they are not "adversely affected or aggrieved ... within the meaning of the relevant statute."  5

U.S.C. § 702.

 As for the Defendants' intention to release the summary of the Performance Video, it is

undisputed that a longer, more detailed summary of that video has been released by the Sheriff's

Office.  Even if a valid FOIA exemption otherwise applied to the original release of its summary

of the Performance Video – a topic discussed below – the exemption would not apply to *future*

releases of that document.  FOIA is a disclosure statute, and it generally requires that agencies

make records available to the public upon request.  5 U.S.C. § 552.  Information that would

otherwise be subject to a valid FOIA exemption must be disclosed if that information is preserved

in a permanent record or is otherwise easily accessible by the public.  *See Niagra Mohawk Power

Corp. v. DOJ*, 169 F.3d 16, 19 (D.C. Cir. 1999).  The Plaintiffs argue that the summary compiled

by the Sheriff's Office is not identical to the one prepared by OSHA, and therefore the public

domain exception does not apply.  However, the issue is not whether the documents are identical

but whether the information contained within the documents is identical.  *Id.* (stating that "if

identical information is truly public, then enforcement of an exemption cannot fulfill its

purposes.").  The Plaintiffs have not identified any information in OSHA's summary that is not

present in the longer, more detailed summary compiled by the Sheriff's Office, and the Court's review has not uncovered any.

The Plaintiffs also complain about OSHA's original release of the summary of the Performance Video.  The Defendants argue that, given that the Sheriff's Office had released its (more detailed) summary before OSHA released its summary, OSHA was obligated to release its summary, and the decision to do so could not have been arbitrary or capricious.  However, the Defendants do not argue that OSHA was aware that the other summary had been released (or that the public domain exception would apply) when it decided to release its own summary.   As such, the Court cannot find that, as a matter of law, the decision was not arbitrary and capricious.

However, to meet the burden of establishing that disclosure of information was arbitrary and capricious, "plaintiffs must show that the release of the information at issue was somehow unlawful." *Tripp v. DOD*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002)   FOIA exemptions *allow* a government agency to withhold documents, but do not *require* withholding.  5 U.S.C. § 552(a)(4)(B).  Thus, to make the required showing in a reverse FOIA suit such as this one, the Plaintiffs can not rely on a claim that FOIA exemptions required the withholding.  Rather, they must point to some other law that required withholding of the information.  *See Tripp*, 193 F.Supp.2d at 238.  The Plaintiffs have not done so, and therefore their claim that the release of the summary was arbitrary and capricious must be dismissed.  Given that the Plaintiffs have already advanced and withdrawn claims based directly on FOIA, on the Privacy Act, and on the Declaratory Judgment Act, it appears unlikely that they will find a law that obligated OSHA to withhold its summary.  However, the Court will permit them an opportunity to do so, should they choose.

**IV.     Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Plaintiffs' claim that the previous release of the summary of the Performance Video violated the APA is **DISMISSED WITHOUT PREJUDICE**.  The Plaintiffs may file a second amended complaint, relying on some statute other than FOIA as providing the necessary bar to disclosure, on or before January 27, 2012.  And it is further

**ORDERED** that all of the Plaintiffs' remaining claims are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 18, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-8-