# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SCOTT BRANCHEAU; MARION
LOVERDE; CHARLES LOVERDE; and
DEBORAH FROGAMENI,

        **Plaintiffs,**

SEAWORLD PARKS & ENTERTAINMENT, LLC,

        **Intervenor Plaintiff,**

-vs-                            Case No. 6:11-cv-1416-Orl-31DAB

SECRETARY OF LABOR; ASSISTANT
SECRETARY OF LABOR;
OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION; and
UNITED STATES DEPARTMENT OF
LABOR,

        **Defendants,**

# ORDER

This matter comes before the Court on the Motion for Summary Judgment and to Dismiss (Doc. 44) filed by the Defendants (henceforth, collectively, "OSHA"), the response (Doc. 53) filed by the Intervenor Plaintiff, SeaWorld Parks & Entertainment, LLC ("SeaWorld"), and the reply (Doc. 55) filed by OSHA.

    **I.**    **Background**

The instant case arises out of the February 2010 death of animal trainer Dawn Brancheau ("Brancheau"), who was pulled into the water and killed during a public whale show. As set forth

in the Amended Complaint (Doc. 23), Defendant OSHA is investigating the circumstances surrounding Brancheau's death. In the course of that investigation, OSHA obtained a video recording[1] from the Orange County Sheriff's Office depicting portions of the attack and the efforts to rescue her and recover her body. The video was made by SeaWorld, which was granted permission to intervene in this case on October 25, 2011.

This suit was originally brought by members of Brancheau's family, who sought to enjoin OSHA from releasing the videotape. Those plaintiffs asserted what may be broadly described as violation-of-privacy claims under the Freedom of Information Act ("FOIA") by way of the Administrative Procedures Act ("APA"). (Doc. 23). On January 18, 2012, those claims were dismissed, and they are currently on appeal.

In its Amended Intervenor's Complaint (Doc. 40), SeaWorld asserts claims for injunctive and declaratory relief under FOIA, the APA, and the Lanham Act. In Count I, SeaWorld seeks a declaration that (1) the video is exempt from disclosure under FOIA; (2) that OSHA is required to provide it with "ample and adequate advance, written notice of any FOIA requests that would call for disclosure" of the video; (3) that SeaWorld must be provided a reasonable period within which to object to such disclosure; (4) that no entity other than SeaWorld has a right to view, copy, display or distribute the video; and (5) that OSHA must return the video to SeaWorld when the investigation is completed. (Doc. 40 at 7). In Count II, SeaWorld seeks injunctive relief that mirrors much of the declaratory relief sought in Count I. Specifically, SeaWorld seeks a

---

[1]There was some dispute as to whether OSHA might have obtained another videotape or some photographs depicting some portion of the attack or the rescue and recovery efforts. However, OSHA contends that they have only ever had one videotape that would be relevant to the instant dispute, and SeaWorld appears to accept that contention.

permanent injunction to prevent the Defendants from reproducing or distributing the video, to force the Defendants to provide notice to SeaWorld of FOIA requests for the video (and advance notice of OSHA's decision in regard to those requests), and requiring OSHA to return the video to SeaWorld upon conclusion of the investigation. (Doc. 40 at 9). In Count III, arguing that "the likeness of Mrs. Brancheau in combination with orcas is a famous mark ... associated with the goods and services of SeaWorld," SeaWorld seeks injunctive relief under the Lanham Act to prevent OSHA from releasing the videos to any third party. (Doc. 40 at 10).

OSHA contends that the Court lacks subject matter jurisdiction over Counts I and II, and that those counts fail to state a claim upon which relief may be granted. OSHA also argues that it is entitled to summary judgment as to all three counts.

It is not obvious which statutes SeaWorld is relying upon for the relief it seeks in Count I and II.[2] (Count III is clearly brought pursuant to the Lanham Act.) However, as the jurisdictional portion of the Amended Intervenor's Complaint refers to the APA (Doc. 40 at 2), the Court will first consider whether jurisdiction exists and whether SeaWorld has stated a claim under that statute.

In the absence of final agency action, this Court lacks subject matter jurisdiction to review a decision under the APA. *See, e.g.*, *Nat'l Parks Conservation Ass'n v. Norton,* 324 F.3d 1229, 1236 (11th Cir.2003). In its Amended Intervenor's Complaint, SeaWorld has not identified a final agency action that it is challenging. To the extent that SeaWorld intended to proceed under the APA in Count I and Count II, the Court lacks jurisdiction to consider SeaWorld's allegations.

---

[2]SeaWorld's brief is not helpful in addressing these questions, as it consists almost entirely of discussions of allegations and arguments that do not appear in the Amended Intervenor's Complaint.

Count I and Count II make (non-specific) references to FOIA.  However, FOIA does not provide a private right of action to enjoin disclosure.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 294 (1979).  FOIA and its implementing regulations do provide, in some cases, for notice and an opportunity to be heard prior to disclosure of business information.  Insofar as those provisions of FOIA might be at issue here, SeaWorld has not alleged that OSHA has violated (or threatens to violate) them.  SeaWorld cannot simply demand an injunction requiring that OSHA obey the law. *See, e.g.*, *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999) (holding that injunctions that do nothing more than instruct entity to obey the law are invalid).  SeaWorld has failed to state a claim under FOIA.

Injunctive relief for dilution of a famous mark under the Lanham Act requires that the defendant has commenced a "commercial use in commerce" of the mark.  15 U.S.C. § 1125(c). The term "use in commerce" means the bona fide use of a mark in the ordinary course of trade. 15 U.S.C. § 1127.  Even assuming that the video contains trademarked material, SeaWorld has failed to allege that OSHA has begun commercial use of its mark in commerce, or that it is about to do so.  Accordingly, SeaWorld has failed to state a claim for relief under the Lanham Act.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment and to Dismiss (Doc. 44) is **GRANTED IN PART AND DENIED IN PART**.  The (putative) APA claims are dismissed

pursuant to Rule 12(b)(1). The FOIA and Lanham Act claims are dismissed pursuant to Rule 12(b)(6). Insofar as the motion sought summary judgment, it is denied as moot. The Amended Intervenor's Complaint (Doc. 40) is **DISMISSED.**

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on March 29, 2012.

_____<br>
**GREGORY A. PRESNELL**<br>
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party